480 P.2d 196

Ernst G. MUENCH and Lloyd Taylor, Plaintiffs,

v.

Marlin PAINE, Archie Yamamoto, James Nafsinger, Bruce Bartlett, Leonard D. Wagers, Trustees of School District No. 139, Canyon County, Idaho, and Wilma Law, Clerk of the Board of Trustees of School District No. 139, Canyon County, Idaho, Defendants.

Jan. 25, 1971.

No. 10552.

Supreme Court of Idaho.

Smith, Miller & Weston, Caldwell, for defendants.

Robert M. Robson, Atty. Gen., and James R. Hargis, Asst. Atty. Gen., Boise, amicus curiae.

McFADDEN, Justice.

On January 16, 1970, 93 Idaho 473, 463 P.2d 939, this court rendered its opinion in the above entitled action, an original proceeding in this court. In that opinion this court distinguished the United States Supreme Court cases of Kramer v. Union Free School Dist., 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969), and Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969), and held that the restrictions of Idaho Const. art. 1, § 20, and I.C. § 31–404 did not violate the equal protection clause of the Fourteenth Amendment of the United States Constitution.

On June 23, 1970, the United States Supreme Court rendered its opinion in Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523. That court, applying the reasoning of the court in Cipriano v. City of Houma (involving a revenue bond), supra, to the issues regarding a general obligation bond issue of the city of Phoenix, Arizona, held that bond issue invalid because under the Arizona constitution and statutes only owners of real property were entitled to vote.

In this present proceeding the Attorney General of this state, who appeared as amicus curiae in the original proceedings, again as an amicus curiae has petitioned this court to recall and amend the final judgment in the case of Muench v. Paine, to bring that opinion into line with the United States Supreme Court opinion of Phoenix v. Kolodziejski, supra.

By the terms of the opinion of Phoenix v. Kolodziejski, the holding of that case was not made retroactive but its applicability to other bond issues was expressly limited to authorizations for general obligation bonds which were not final as of June 23, 1970, the date of the decision. The plaintiffs who instituted the present action, although served with the motion of the attorney general, did not appear or present any brief in response to the motion. The defendants, however, did respond and by their answer set forth the fact that the general obligation bonds of School District No. 39 had been issued and sold by the school district and on the basis of the decision of Muench v. Paine, supra, have incurred obligations for the purchase of real property and for the hiring of architects and engineers and have called for bids for construction of the facilities for which the bonds were approved.

No petition for rehearing was filed in this case, and the original decision became final twenty days after it was originally issued (Rule 47). The attorney general argues, however, that by reason of the unsettled state of the law concerning bonds in Idaho, this court should take this opportunity to strike down the constitutional provision (Idaho Const. art. 1, § 20) and the statutory provisions (I.C. § 33–404) limiting the franchise on school bond elections to qualified electors who are real property owners (see also I.C. §§ 31–1905, 50–1026). However, in order to do that in this proceeding it would be necessary

for this court to reverse the decision heretofore rendered. At the time of the decision it was the judgment of this court that there was a compelling state interest in limiting the franchise in special elections to approve general obligation bonds to electors who were real property taxpayers. At the time of the decision in this case that was the law, and the judgment must stand, and thus, the motion must be denied.

The attorney general represents to this court that the municipalities, counties, school districts and other taxing units authorized to issue general obligation bonds are in a dilemma by reason of the inability to have bonds that they may desire to issue accepted as valid obligations of the particular taxing unit where the statutory provisions limit the franchise to electors who are real property taxpayers. Amicus also asserts that because of this dilemma, the plans for capital improvements by numerous governmental subdivisions have been brought to a halt.

The extremely serious problems facing the various governmental subdivisions of this state caused by the halt of availability of funds from bond issues necessary to maintain the normal construction of capital improvements, are recognized by this court. Only under such extraordinary conditions did this court agree to hear this motion in the first instance.

The Idaho Const. art. 1, § 20, provides

"No property qualifications shall ever be required for any person to vote or hold office except in school elections, or elections creating indebtedness, or in irrigation district elections, as to which last-named elections the legislature may restrict the voters to land owners."

In view of the pronouncement of the Supreme Court in Phoenix v. Kolodziejski, it is apparent that property qualifications are invalid insofar as the franchise to vote in general obligation bond elections are concerned, and, had this opinion been rendered prior to our decision in this case there would have been a different result. It is clear that the property qualification exception set forth in Idaho Const. art. 1, § 20, is contrary to the provisions of the equal protection clause of the Fourteenth Amendment of the United States Constitution, and thus, under the mandate of Idaho Const. art. 1, § 3,[1] general obligation bonding election statutes of this state which limit the franchise to real property owners must be considered as invalid under the pronouncement of the United States Supreme Court in Phoenix v. Kolodziejski, supra.

The motion to amend the judgment is denied.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

1. "The state of Idaho is an inseparable part of the American Union, and the Constitution of the United States is the supreme law of the land."